Paul W. Sweeney, Jr. (SBN 112511)
paul.sweeney@klgates.com
Vannie Karapetian (SBN 324274)
vannie.karapetian@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

Attorneys for Defendant
NIKE RETAIL SERVICES, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTNEY SHAW, an individual, and EDGAR HERNANDEZ, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>NIKE RETAIL SERVICES, INC., an Oregon corporation; WENDY MAGEE, an individual, and DOES 1-100 inclusive,<br><br>Defendants. | Case No.  2:21-CV-04322<br><br>**NIKE RETAIL SERVICES, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>**[DIVERSITY JURISDICTION]**<br><br>(Los Angeles County Superior Court, Case No. 20STCV13349)<br><br>Complaint Filed:  April 8, 2021<br>Trial Date:  None Set<br><br>[Filed concurrently with (i) Declaration of Joshua Simko, (ii) Civil Case Cover Sheet] |

1

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, Defendant NIKE Retail Services, Inc. ("Defendant" or "NIKE") hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of Los Angeles, Stanley Mosk Courthouse, Case No. 21STCV13349 to the United States District Court for the Central District of California.  This Court has diversity jurisdiction over this lawsuit pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## I. BACKGROUND AND PLEADINGS

1. On April 8, 2021, Plaintiffs filed this underlying lawsuit against NIKE and Wendy Magee ("Magee") in the Superior Court of the State of California, County of Los Angeles, Case No. 21STCV13349 (the "State Court Action").  In the Complaint, Plaintiffs allege the following claims for relief against NIKE:  (1) employment discrimination based on race and/or sexual preference in violation of the Fair Employment and Housing Act (the "FEHA"); (2) violation of the FEHA for work environment harassment; (3) violation of the FEHA for retaliation, (4) violation of the FEHA for failure to prevent discrimination, harassment and retaliation; (5) failure to pay wages in violation of California Labor Code Sections 200, *et seq.* and/or Sections 1194/1197, *et seq.*; (6) failure to indemnify in violation of Labor Code Section 2802; (7) failure to provide an accurate, itemized wage statement and maintain accurate records in violation of California Labor Code Section 226; (8) constructive discharge in violation of public policy; (9) negligent hiring, supervision and retention, (10) violation of Business and Professions Code Section 17200, *et seq.* Neither NIKE nor Magee have been served with the Summons or the Complaint.

2. A true and correct copy of the Complaint filed in the State Court Action and downloaded from the State Court's electronic docket is attached hereto as **Exhibit 1**. A true and correct copy of the Summons filed in the State Court Action and

downloaded from the State Court's electronic docket is attached hereto as **<u>Exhibit 2</u>**. A true and correct copy of the Civil Case Cover Sheet filed in the State Court Action and downloaded from the State Court's electronic docket is attached hereto as **<u>Exhibit 3</u>**. A true and correct copy of the Notice of Case Assignment filed in the State Court Action and downloaded from the State Court's electronic docket is attached hereto as **<u>Exhibit 4</u>**. A true and correct copy of the Notice of Case Management Conference filed in the State Court Action and downloaded from the State Court's electronic docket is attached hereto as **<u>Exhibit 5</u>**. A true and correct copy of NIKE's Answer to the Complaint filed in the State Court Action is attached hereto as **<u>Exhibit 6</u>**. These material comprise "all process, pleadings, and orders" filed in the State Court Action, which have not yet been served on NIKE or Magee, but which constitute the entirety of the record in the State Court Action.  *See* 28 U.S.C. § 1446(a).

## II.     THIS COURT HAS DIVERSITY JURISDICTION OVER THIS MATTER

3.     This Court's subject-matter jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a) and 1441. This Court has original jurisdiction over all civil actions between citizens of different states or citizens of a state and citizens of a foreign state where the amount in controversy exceeds the sum or value of $75,000.

### A. Plaintiffs are Citizens of California

4.     To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States and (b) a domiciliary of one particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is *prima facie* evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  Here, NIKE is informed and believes that Plaintiffs are, and at all times since the commencement of this action have been, citizens and residents of the State of California.  NIKE alleges that at the time the State Court Action was filed and at the time of the filing of this Notice, Plaintiffs were, and still

1    are, natural persons domiciled and residing in the State of California and are citizens
2    of the State of California.

3    **B. NIKE is a Citizen of Oregon**

4    5.      NIKE is not a citizen of California.  For diversity purposes, a corporation
5    is deemed to be a citizen of the state in which it has been incorporated and the state
6    where it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).  The
7    "'principal place of business' refers to the place where the corporation's high level
8    officers direct, control, and coordinate the corporation's activities," i.e., the
9    corporation's "nerve center."  *Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010).  The
10   relevant considerations under the "nerve center" test include the following:  (a) where
11   the directors and stockholders meet; (b) where the executives live and have their
12   offices; (c) where the administrative and financial offices are located and the records
13   kept; (d) where the corporate income tax return is filed; (e) where the "home office" is
14   located; and (f) where day-to-day control of the business is exercised.  *See Unger v.*
15   *Del E. Webb Corp.*, 233 F. Supp. 713, 716 (N.D. Cal. 1964).

16   6.      NIKE is a corporation organized under the laws of Oregon. (Declaration
17   of Joshua Simko ("Simko Decl."), ¶ 2, ¶ 6, Ex. 1.) NIKE's principal place of business
18   is located in Oregon as well. (*Id.* at ¶ 4, ¶ 6, Exh. 1) The corporate headquarters in
19   Oregon is the actual center of direction, control and coordination of all major human
20   resources, payroll, and administrative functions for NIKE.  (*Id.* at ¶ 4) The respective
21   officers for these departments work in Oregon and are responsible for developing
22   policies and protocols for NIKE's operations. (*Id.* at ¶¶ 4, 5) NIKE's corporate
23   headquarters and nerve center were, at the time of filing of the State Court Action, and
24   remain to date, located in Oregon.  As such, NIKE is a citizen of the state of Oregon
25   only, and *not* California. (*See* Complaint, ¶ 8).

26   7.      For purposes of diversity of citizens, there exists complete diversity of
27   citizenship between NIKE and Plaintiffs.  NIKE has not been served with the
28   Summons, Complaint or any other court documents in this matter to date.

**C. Magee is Citizen of California, But She Has Not Been Served with the Complaint**

8.      NIKE is informed and believes that Magee is, and at all times since the commencement of this action was, a citizen and resident of the State of California. NIKE alleges that at the time the State Court Action was filed and at the time of the filing of this Notice, Magee was, and still is, a natural person domiciled and residing in the State of California and is a citizen of the State of California. Magee has not been served with the Summons, Complaint or any other court documents in this matter to date.

**D. If The Forum Defendant Has Not Been Served, The Non-Forum Defendant May Remove the Case**

9.      Under the forum defendant rule, a defendant that is a citizen of the forum state cannot remove a lawsuit to federal court based on diversity jurisdiction.  See, 28 U.S.C. 1441 (b) (2) (civil action may not be removed solely on the basis of Section 1332 "if any of the parties in interest **properly joined and served** as defendants is a citizen of the State in which such action is brought") (emphasis added).  Here, the forum defendant is Magee.  The forum defendant rule, however, does not prevent NIKE removing the case because the forum defendant (Magee) has **not** been "properly served and joined."  In fact, neither NIKE nor Magee have yet been served with the Summons and Complaint.  Consequently, removal is proper and this Court has jurisdiction over the matter.

10.      Federal courts in California have repeatedly held that "a defendant may remove an action prior to receiving proper service, even when the defendant resides in the state in which the plaintiff filed the state claim." *Sherman v. Haynes & Boone*, No. 14-CV-01064-PSG, 2014 WL 4211118, at *1 & n.8 (N.D. Cal. Aug. 22, 2014) (citing cases); *see also Regal Stone Ltd. v. Longs Drug Stores Cal.*, LLC, 881 F. Supp. 2d 1123, 1127 (N.D. Cal. 2012) (holding "that the clear and unambiguous language of

**NIKE RETAIL SERVICES, INC.'S NOTICE OF REMOVAL**

the statute only prohibits removal **after a properly joined forum defendant has been served**")(emphasis added). As recently recognized:

> By its plain language, 28 U.S.C. § 1441(b)(2) permits an in-state defendant who has not been both joined *and served* to remove a case to federal court on the basis of diversity jurisdiction. Here, it is undisputed that Defendants removed Plaintiff's Complaint before any Defendants were served. Thus, Defendants' notice of removal was not procedurally improper, and remand is not warranted.

*Monfort v. Adomani, Inc.*, No. 18-CV-05211-LHK, 2019 WL 131842, at *4 (N.D. Cal. Jan. 8, 2019); *Glob. Indus. Inv. Ltd. v. Chung*, No. 19-CV-07670-LHK, 2020 WL 2027374, at *2 (N.D. Cal. Apr. 28, 2020)(affirming holding in *Monfort*).

The majority of federal circuit courts to consider this matter have all held that "[b]y its text, ... Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as federal district court can assume jurisdiction over the action." *Gibbons v. Bristol Myers Squibb Co.*, 919 F.3d 699, 705 (2nd Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3rd Cir. 2018)("Starting with the text, we conclude that the language of the forum defendant rule in section 1441(b)(2) is unambiguous. Its plain meaning precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served."); *see Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 486 (5th Cir. 2020); *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001).

Therefore, so long as a forum-state defendant has not yet been served, an out of state defendant—even if served—may properly remove a case to federal court based upon diversity jurisdiction. *See Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d at 486 (denying motion to remand where out of state defendant was served with process and immediately removed the case to federal court before in-state defendants were served with process).

**NIKE RETAIL SERVICES, INC.'S NOTICE OF REMOVAL**

11.     Here, neither NIKE nor Magee have been served with the Summons and the Complaint, therefore removal is proper and this Court has jurisdiction over this matter.

### E. The Citizenship of the Doe Defendants Must Be Disregarded

12.     Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants is disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the existence of Doe defendants 1 through 100, inclusive, does not deprive this Court of jurisdiction.

### F. The Amount in Controversy Exceeds $75,000

13.     This action is a civil action wherein the amount in controversy exceeds $75,000, exclusive of interest and costs, and accordingly, this Court has original jurisdiction under 28 U.S.C. §§ 1332(a).  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  Defendants can establish the amount in controversy by the allegations in the complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by plaintiffs exceeds the jurisdictional minimum.  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).  The District Court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is in controversy.  *Id.*  Therefore, NIKE only needs to show that there is "a reasonable probability that the stakes exceed" $75,000. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). NIKE need not provide this Court with "proof" or "evidence" that Plaintiff actually will recover more than $75,000; rather, removal is proper as long as the amount in controversy can be met.  *See Brill*, 427 F.3d at 448-49.

14. The amount in controversy for purposes of diversity jurisdiction is the total "amount at stake in the underlying litigation." *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005).  Moreover, "the amount in controversy is simply an *estimate* of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'n, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (emphasis added).  "[I]n assessing the estimated amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Sasso v. Noble Utah Long Beach*, *LLC*, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *3 (C.D. Cal. Mar. 3, 2015) (internal citations omitted).  The ultimate inquiry is what amount is put "in controversy" by the Complaint, not what NIKE will actually owe.  *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

15. Where at least one named plaintiff in a lawsuit satisfies the amount in controversy requirement, 28 U.S.C. § 1367 authorizes supplemental jurisdiction over the claims of the other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in Section 1332. *Exxon Mobil Corp. v. Allapattah Svcs, Inc.*, 545 U.S. 546, 549 (2005). In other words, removal is proper even if only one plaintiff has a claim over $75,000 because a federal court can exercise supplemental jurisdiction over any other plaintiff's claims.

16. Here, although Plaintiffs do not pray for a specific dollar amount, Plaintiff Shaw alleges claims for: (1) employment discrimination based on race and/or sexual preference in violation of the FEHA; (2) violation of the FEHA for work environment harassment; (3) violation of the FEHA for retaliation, (4) violation of the FEHA for failure to prevent discrimination, harassment and retaliation. (*See generally* Complaint).

17. Nevertheless, the amount in controversy is clearly met here when the potential amount at stake is valued with respect to Shaw's FEHA related claims by themselves, without having to resort to the other claims alleged in the Complaint,

including Plaintiff Hernandez's claims. *See Jackson v. American Bankers Ins. Co.*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997) ("[t]he appropriate measure [of the amount in controversy] is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint"); *see also Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (amount in controversy is based on assumption that plaintiff prevails on all claims).

18.  Here, Shaw seeks the following damages related to the FEHA claims: (1) back pay; (2) reinstatement under different managers or front pay, according to proof; (3) judgment interest on any monetary award at the legal rate under the Civil Code; (4) attorneys' fees and costs pursuant to the FEHA; (5) compensatory damages for pain and suffering; (6) punitive damages; (7) injunctive and/or declaratory relief. (*See* Complaint p. 35-38, "Prayer for Relief").

19.  **Back Pay**:  Shaw alleges racial and sexual orientation discrimination claims under the FEHA.  (*See generally* Complaint.)  If these claims are successful, Shaw would be entitled to an award of back pay. *Harrod v. Bass Pro Outdoor World, L.L.C.*, 2018 WL 705541 at *2 (C.D. Cal. Feb. 5, 2018) ("On Plaintiff's FEHA claims, she can seek an award of back pay from the time of the unlawful adverse action until the date of judgment. . ."). Back pay includes "not only the periodic monetary earnings of the employee but also the other benefits" to which the employee is entitled to as part of his or her compensation. *Wise v. Southern Pac. Co.*, 1 Cal. 3d 600, 607 (1970); *see also Andrade v. Arby's Restaurant Group, Inc.*, 225 F. Supp. 1115, 1140 (N.D. Cal. 2016)(explaining that back pay "is lost-wages damages through the time of trial").

While Shaw did not provide a specific dollar amount for her FEHA related claims, conservatively assuming that this matter is resolved by trial within 12 months, Shaw would be entitled to more than two years and ten months worth of back pay and

benefits[1]. In 2017, Shaw's last full-year working at NIKE, Shaw earned a total of $58,913.41 in wages. Therefore, Plaintiff's potential back pay award would be at least $164,957.55[2]. This figure is a conservative estimate and does not take into account Shaw's subsequent pay increase in 2018. Thus, Shaw's back pay alone satisfies the amount in controversy requirement of more than $75,000.

20. **Front Pay**: While any award of front pay is highly speculative, courts that have awarded such damages in FEHA cases have held that a plaintiff could receive at least two years of front pay. *Horsford v. Board of Trustees of Calif. State Univ.*, 132 Cal. App. 4th 359, 388-89 (2005). Therefore, Shaw could potentially recover at least another $117,826.82 in front pay alone, which is more than $75,000 necessary for diversity jurisdiction.[3]

21. **Attorneys' Fees**: Under the FEHA, Plaintiff Shaw has also demanded attorneys' fees. (*See* Prayer for Relief.) Attorneys' fees may be awarded to a prevailing plaintiff in a FEHA action. *See* Cal. Gov't Code § 12965(b); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (where attorneys' fees are allowed by statute, they are considered as part of the amount in controversy calculation). Recent authority has clarified that this must include all attorneys' fees likely to be incurred through trial of an action. *See Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018) ("Because the law entitles [plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy.") One court in the Central District of California has opined that a reasonable rate for an attorney would be at least $300 per hour and a reasonable number of hours would be at least 100 – 300 hours. *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *1 (C.D. Cal. Mar. 3, 2015). Those assumptions would lead to

---

[1] Shaw alleges she was constructively discharged from NIKE in July of 2019. (Complaint, ¶ 5). Assuming this matter is concluded within 12 months of removal in May of 2021, Shaw will have been out of work for approximately 2 years and 10 months.
[2] $58,913.41 total wages in 2017 x 2.8 = $164,957.55.
[3] $58,913.41 total wages in 2017 x 2 years = $117,826.82.

**NIKE RETAIL SERVICES, INC.'S NOTICE OF REMOVAL**

an attorney's fee award of between $30,000 and $90,000.  *Id.*  If Plaintiff Shaw alone litigated this case through trial and prevailed, it is reasonable to assume that the recovery of fees itself would exceed $75,000.

22.    **Emotional Distress Damages**:  Shaw also seeks emotional distress damages for wrongful termination.  (*See* Prayer for Relief)  A prevailing plaintiff in a wrongful termination action is entitled to seek damages for emotional distress.  *See Gantt v. Sentry Insurance*, 1 Cal. 4th 1083, 1098-1101 (1992) (overruled on other grounds by *Green v. Ralee Eng'g Co.*, 19 Cal. 4th 66, 90 (1998)).  The emotional distress component of Plaintiffs' alleged damages must be considered in determining whether the amount in controversy requirement has been established.  *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).  A defendant may use damage awards in other cases to establish that the amount in controversy exceeds $75,000. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002).  Juries in California have awarded well in excess of $75,000 for emotional distress damages in discrimination and wrongful termination cases, like this one.  *See, e.g., Bradley v. Department of Corrections & Rehabilitation*, 158 Cal. App. 4th 1612, 1618 (2008) (awarding a single plaintiff $300,000 in non-economic damages for harassment claim); *Roby v. McKesson*, 47 Cal. 4th 686, 699 (2009) (awarding a single plaintiff $1,600,000 in non-economic damages for three separate counts of wrongful termination (later reduced by stipulation to $800,000), as well as an additional $600,000 in non-economic damages for harassment); *Wang v. Reese Scientific Corp.*, San Francisco Superior Court Case No. CGC-13-528233 (awarding plaintiff $166,302 for emotional distress damages on claims including discrimination and wrongful termination); *Stallworth v. City of L.A., Los Angeles*, Superior Court Case No. BC341480 (awarding $100,000 in emotional distress damages on race discrimination and retaliation claims).  Thus, if Shaw is able to prove her claims at trial, it is reasonable to conclude that she will seek, and a jury may award, in excess of $75,000 for emotional distress damages alone.

23.     Based on the foregoing, there is ample evidence that the amount in controversy, based on the totality of Plaintiffs' claims and prayer for relief significantly exceeds $75,000.  *See White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) ("the lengthy list of compensatory and punitive damages sought by [the plaintiff], when combined with attorney's fees demonstrated that the amount in controversy exceeded $75,000").  Therefore, removal is appropriate and proper.

## III.   THIS REMOVAL NOTICE IS PROCEDURALLY PROPER

24.     **The Removal Venue Is Proper**.  Venue lies in the Central District of California pursuant to 28 U.S.C. §§ 1441, 1446(a), and 84(c)(2).  This action was originally brought within a county encompassed by the Central District of California—the Superior Court of the State of California, County of Los Angeles.

25.     **The Removal is Timely**.  Plaintiffs have not yet served the Summons or Complaint on NIKE. Therefore, pursuant to 28 U.S.C. § 1446(b) and Federal Rules of Civil Procedure 6 and 81(c), time to remove this matter has not yet been triggered.

26.     **NIKE Has Sufficient Consent**.  NIKE is not required to investigate the identity of the unnamed defendants nor to obtain their consent for removal.  *See Necombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); 28 U.S.C. § 1441(a).  In any event, no Doe defendant has been served.  NIKE is not required to obtain consent to remove from defendants who have not been served.  *See Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984), superseded by statute on other grounds as stated in *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1988).  No defendants have been served in this matter. Therefore, NIKE has sufficient consent to remove the State Court Action.

## IV.   NOTICE OF REMOVAL TO PLAINTIFF AND THE STATE COURT

27.     Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be served upon counsel for Plaintiffs and a copy of this Notice of

Removal will be filed with the Clerk of the Superior Court of California, County of Los Angeles, as required by 28 U.S.C. § 1446(d).

**V.    CONCLUSION**

28.    For all the reasons identified above, NIKE respectfully requests that this Court proceed with this matter as if the case had been originally filed in the U.S. District Court for the Central District of California.

K&L GATES LLP

Dated: May 24, 2021                    By:  */s/ Vanuhi Karapetian*
                                            Paul W. Sweeney, Jr.
                                            Vanuhi Karapetian

                                            Attorneys for Defendant
                                            NIKE RETAIL SERVICES, INC.

**NIKE RETAIL SERVICES, INC.'S NOTICE OF REMOVAL**