Paul W. Sweeney, Jr. (SBN 112511)
paul.sweeney@klgates.com
Vannie Karapetian (SBN 324274)
vannie.karapetian@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

Attorneys for Defendant
NIKE RETAIL SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTNEY SHAW, an individual, and EDGAR HERNANDEZ, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>NIKE RETAIL SERVICES, INC., an Oregon corporation; WENDY MAGEE, an individual, and DOES 1-100 inclusive,<br><br>Defendants. | Case No. 2:21-cv-04322-SB-MRW<br><br>[Assigned to Hon. Stanley Blumenfeld, Jr.; Magistrate Judge Michael R. Wilner]<br><br>**DEFENDANT NIKE RETAIL SERVICES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**<br><br>[*Filed concurrently with (i) Declaration of Paul W. Sweeney, Jr., (ii) Declaration of Shelby Bird;(iii) [Proposed] Order*]<br><br>**DATE: JULY 16, 2021**<br>**TIME: 8:30 A.M.**<br>**COURTROOM: 6C**<br><br>(Los Angeles County Superior Court, Case No. 20STCV13349) |

# Table of Contents

**Page**

I.    INTRODUCTION AND BACKGROUND .................................................1

II.   NIKE IS A CITIZEN OF OREGON; PLAINTIFFS ARE CITIZENS OF CALIFORNIA; CO-DEFENDANT MAGEE IS A CITIZEN OF CALIFORNIA ............................................................................................3

III.  THE FORUM DEFENDANT RULE DOES NOT DIVEST THIS COURT OF DIVERSITY JURISDICTION.................................................3

    A.    The Plain Meaning Of Section 1441(b) Is Clear And Unambiguous And Does Not Lead To An Absurd Result ......................................6

    B.    Applying The Plain Interpretation Of Section 1441(b) To The Circumstances Of This Case Does Not Lead To An Absurd Result7

IV.   PLAINTIFF SHAW'S FEHA CLAIMS ALONE SATISFY THE AMOUNT IN CONTROVERSY FOR DIVERSITY JURISDICTION ...9

    A.    Back Pay.................................................................................9

    B.    Front Pay ...............................................................................10

    C.    Emotional Distress Damages ...........................................10

    D.    Attorney's Fees ....................................................................12

    E.    Supplemental Jurisdiction Over Plaintiff Hernandez ...................13

V.    THE NOTICE OF REMOVAL WAS PROCEDURALLY PROPER ....13

    A.    NIKE's Removal Was Timely .........................................13

    B.    NIKE's Removal Included All Documents Filed In The State Court Action Prior To Removal ...............................................14

VI.   CONCLUSION ........................................................................15

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Andrade v. Arby's Restaurant Group, Inc.*,
   225 F. Supp. 1115 (N.D. Cal. 2016)..................................................................9

*Arizona St. Bd. for Charter Schs. v. U.S. Dep't of Educ.*,
   464 F.3d 1003 (9th Circ. 2006) ..................................................................6

*Asare-Antwi v. Wells Fargo, N.A.*,
   2019 WL 3073942 (C.D. Cal. July 15, 2019) ......................................................4

*Baiul v. NBC Sports*,
   732 F. App'x 529 (9th Cir. 2018) ..................................................................6, 7

*Bradley v. Department of Corrections & Rehabilitation*,
   158 Cal. App. 4th 1612 (2008) ..................................................................11

*Cucci v. Edwards*,
   510 F. Supp. 2d 479 (C.D. Cal. 2007) ..................................................................4

*Dart Cherokee Basic Operating Co., LLC v. Owens*,
   135 S.Ct. 547 (2014)..................................................................9

*Dechow v. Gilead Sci., Inc.*,
   358 F. Supp. 3d 1051 (C.D. Cal. 2019)..................................................................3, 8

*Encompass Ins. Co. v. Stone Mansion Rest. Inc.*,
   902 F.3d 147 (3rd Cir. 2018)..................................................................4, 6

*Exxon Mobil Corp. v. Allapattah Svcs, Inc.*,
   545 U.S. 546 (2005)..................................................................13

*Fritsch v. Swift Transp. Co. of Ariz.*,
   899 F.3d 785 (9th Cir. 2018) ..................................................................12

*Galt G/S v. JSS Scandinavia*,
   142 F.3d 1150 (9th Cir. 1998) ..................................................................12

ii

*Gantt v. Sentry Insurance*,
   1 Cal. 4th 1083 (1992) (overruled on other grounds by *Green v. Ralee
   Eng'g Co.*, 19 Cal. 4th 66, 90 (1998)) ................................................................. 10

*Gibbons v. Bristol Myers Squibb Co.*,
   919 F.3d 699 (2nd Cir. 2019) ............................................................................ 4, 6

*Glob. Indus. Inv. Ltd. v. Chung*,
   2020 WL 2027374 (N.D. Cal. Apr. 28, 2020) ....................................................... 5

*Gustafson v. Alloyd Co.*,
   513 U.S. 561 (1995) .............................................................................................. 7

*Harrod v. Bass Pro Outdoor World, L.L.C.*,
   2018 WL 705541 (C.D. Cal. Feb. 5, 2018) ........................................................... 9

*Haseko Homes, Inc. v. Underwriters Inc. Co.*,
   2010 WL 358531 (S.D. Cal. Jan. 22, 2010) ......................................................... 14

*Horsford v. Board of Trustees of Calif. State Univ.*,
   132 Cal. App. 4th 359 (2005) ............................................................................. 10

*Jacob v. Mentor Worldwide, LLC*,
   393 F. Supp. 3d 912 (C.D. Cal. 2019), *reconsideration denied*, 2019
   WL 5616958 (C.D. Cal. Oct. 29, 2019), and *aff'd sub nom* ................................ 4

*Kroske v. U.S. Bank Corp.*,
   432 F.3d 976 (9th Cir. 2005) .............................................................................. 11

*Loewen v. McDonnell*,
   2019 WL 2364413 (N.D. Cal. June 5, 2019) ......................................................... 4

*McCall v. Scott*,
   239 F.3d 808 (6th Cir. 2001) ................................................................................ 4

*Monfort v. Adomani, Inc.*,
   2019 WL 131842 (N.D. Cal. Jan. 8, 2019) ........................................................... 5

*Murphy Bros. v. Michetti Pipe Stringing, Inc.*,
   526 U.S. 344 (1999) ........................................................................................ 13, 14

*Nunn v. Mentor Worldwide, LLC*,
   847 F. App'x 373 (9th Cir. 2021) .......................................................................... 4

**NIKE RETAIL SERVICES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO
REMAND**

*Regal Stone Ltd. v. Longs Drug Stores Cal.,*
  LLC, 881 F. Supp. 2d 1123 (N.D. Cal. 2012) ........................................ 5

*Roby v. McKesson,*
  47 Cal. 4th 686 (2009) ......................................................................... 11

*Sasso v. Noble Utah Long Beach, LLC,*
  No. CV 14-09154-AB AJWX, 2015 WL 898468 (C.D. Cal. Mar. 3,
  2015) ..................................................................................................... 12

*Sherman v. Haynes & Boone,*
  2014 WL 4211118 (N.D. Cal. Aug. 22, 2014) ....................................... 5

*Simmons v. PCR Tech.,*
  209 F. Supp. 2d 1029 (N.D. Cal. 2002) .......................................... 11, 12

*Stallworth v. City of L.A.,*
  Los Angeles Superior Court Case No. BC341480 ............................... 11

*Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.,*
  955 F.3d 482 (5th Cir. 2020) ..................................................... 4, 5, 6, 7

*Velez v. Roche,*
  335 F. Supp. 2d 1022 (N.D. Cal. 2004) ............................................... 11

*Wang v. Reese Scientific Corp.,*
  San Francisco Superior Court Case No. CGC-13-528233 .................... 11

*Wise v. Southern Pac. Co.,*
  1 Cal. 3d 600 (1970) .............................................................................. 9

*Zirkin v. Shandy Media, Inc.,*
  2019 WL 626138 (C.D. Cal. Feb. 14, 2019) .......................................... 4

**Statutes**

28 U.S.C. § 1332 ......................................................................................... 3

28 U.S.C. § 1332(a) .................................................................................... 3

28 U.S.C. § 1367 ....................................................................................... 13

28 U.S.C. § 1441 ..................................................................................... 3, 4

**NIKE RETAIL SERVICES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

28 U.S.C. § 1441(a) ............................................................................. 4, 14

28 U.S.C. § 1441(b) ....................................................................... 6, 7, 8, 15

28 U.S.C. Section 1441(b)(2) ................................................................. *passim*

28 U.S.C. § 1446(a) ............................................................................. 2, 14

28 U.S.C. § 1446(b) ............................................................................... 13

28 U.S.C. § 1446(b)(2)(A) .................................................................... 6, 7

Cal. Gov't Code § 12965(b) .................................................................... 12

Cal. Lab. Code § 2802 .............................................................................. 8

**NIKE RETAIL SERVICES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

1

## I.    <u>INTRODUCTION AND BACKGROUND</u>

2      This case arises out of the employment relationship between Plaintiff Brittney

3 Shaw ("Shaw") and Edgar Hernandez ("Hernandez") (collectively, "Plaintiffs"), and

4 NIKE Retail Services, Inc. ("NIKE"). Plaintiffs claim Defendant Wendy Magee

5 ("Magee"), a former NIKE store manager, discriminated against Plaintiffs, and as a

6 result, they made the decision to leave NIKE.  The underlying legal theory of

7 Plaintiffs lawsuit is that they were constructively terminated. (*See generally*

8 Complaint).

9      Plaintiffs filed their lawsuit in Los Angeles Superior Court, Case No.

10 20STCV13349, on April 8, 2021 (the "State Court Action"). (Dkt. 1-1). On April 28,

11 2021, counsel for Plaintiffs contacted counsel for NIKE stating that she had filed the

12 State Court Action, and she inquired whether NIKE was interested in mediating her

13 clients' claims.  (Declaration of Paul W. Sweeney, Jr. ("Sweeney Decl.") ¶ 2). During

14 the conversation, Plaintiffs' counsel generally explained why she believed her clients'

15 claims have merit.  (*Id*. at ¶ 3).  At no time during the conversation did NIKE's

16 counsel request that Plaintiffs' counsel refrain from serving the State Court Action on

17 NIKE. (*Id*.).  Nor at any time during the conversation did NIKE's counsel inquire

18 about service of the State Court Action on the co-defendant Magee, and Plaintiffs'

19 counsel did not say anything about serving her with process.  (*Id.*). NIKE's counsel

20 does not represent Magee, and has never represented her.  (*Id.* at ¶ 4). Counsel did not

21 communicate again until almost a month later, on May 25, 2021, *after* NIKE filed the

22 Notice of Removal. (*Id.* at ¶ 6).

23      On May 24, 2021, NIKE waived service of the Complaint, and filed an Answer

24 to the State Court Action. (Dkt. 1-6). Thereafter, on the same day, NIKE filed its

25 Notice of Removal to federal court pursuant to diversity jurisdiction—NIKE is a

26 citizen of Oregon and Plaintiffs are both citizens of California, and the amount in

27 controversy at issue exceeds $75,000. (Dkt. 1). NIKE downloaded all documents filed

28

**NIKE RETAIL SERVICES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

in the State Court Action directly from the state court's electronic docket and provided copies of these documents as exhibits to the Notice of Removal. (Dkt. 1).

Thereafter, Plaintiffs served the State Court Action on NIKE on May 27, 2021. (*See* Declaration of Nancy Anfanger in Support of Plaintiffs' Motion to Remand ("Anfanger Decl.") ¶ 8). Plaintiffs served the Complaint on Magee via substitute service on June 3, 2021 and via personal service on June 10, 2021. (*Id.* at ¶ 16). Plaintiffs moved to remand this case on June 11, 2021. (Dkt. 14).

First, Plaintiffs argue that removal is prohibited because Magee is a citizen of California. However, 28 U.S.C. Section 1441(b)(2) does *not* prohibit removal because NIKE removed this action before any forum defendants—here only Magee—were served with process. This Court and many other courts have confirmed that—consistent with the plain text of section 1441(b)(2)—an action is removable by a foreign defendant before a forum co-defendant has been served.

Second, Plaintiffs argue that NIKE's failure to include evidentiary proof in support of the amount in controversy pursuant to diversity jurisdiction prevents removal. However, that is incorrect.  Only after a defendant's good faith allegation of the amount in controversy has been challenged need the Court consider evidence to support the allegation. The Declaration of Shelby Bird, filed concurrently herewith, provides more than sufficient evidence that the amount in controversy is satisfied here.

Lastly, Plaintiffs argue NIKE's removal was untimely and procedurally defective because it failed to include all documents served on NIKE pursuant to 28 U.S.C. § 1446(a). NIKE removed this case on the same day it filed an Answer to the Complaint, well within the 30 day removal period. Further, NIKE's Notice of Removal included all documents *filed* in the State Court Action, as NIKE had not been served with any documents prior to removal.

For the foregoing reasons, NIKE respectfully requests that this Court deny

**NIKE RETAIL SERVICES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

Plaintiffs' Motion to Remand.

## II.   NIKE IS A CITIZEN OF OREGON; PLAINTIFFS ARE CITIZENS OF CALIFORNIA; CO-DEFENDANT MAGEE IS A CITIZEN OF CALIFORNIA

NIKE is indisputably a citizen of Oregon.  Plaintiffs, and co-defendant Magee are citizens of California.  Magee was not served with the Summons and Complaint in the State Court Action (nor was NIKE) before the case was removed to this Court. (Anfanger Decl. ¶¶ 8, 16)

## III.   THE FORUM DEFENDANT RULE DOES NOT DIVEST THIS COURT OF DIVERSITY JURISDICTION

This Court has jurisdiction over this case pursuant to diversity jurisdiction, 28 U.S.C. § 1332. Under Section 1441(b)(2), "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly **joined and served as defendants** is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2)(emphasis added). This is known as the forum defendant rule, and it acts to prevent citizens of a forum state—who have been properly joined and served as defendants—from removing an action to federal court on the basis of diversity of citizenship. However, this rule precludes removal *only* when an in-state defendant has been both (i) properly joined and (ii) properly served in the action prior to removal. *See Dechow v. Gilead Sci., Inc.*, 358 F. Supp. 3d 1051 (C.D. Cal. 2019) ("The text of § 1441(b)(2) is unambiguous," and "[i]ts plain meaning precludes removal on the basis of in-state citizenship only when the defendant has been properly joined *and served*.")

While some federal courts have opined that removal of an action prior to service is improper, the majority of federal circuit courts who have weighed in on this issue have held that the plain meaning of Section 1441 is clear, "[b]y its text, . . . Section 1441(b)(2) is inapplicable until a home-state defendant has been served in

accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as federal district court can assume jurisdiction over the action." *Gibbons v. Bristol Myers Squibb Co.*, 919 F.3d 699, 705 (2nd Cir. 2019); *see also, Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3rd Cir. 2018)("Starting with the text, we conclude that the language of the forum defendant rule in section 1441(b)(2) is unambiguous. Its plain meaning precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served."); *see Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 486 (5th Cir. 2020)(same); *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001)(same).

While the Ninth Circuit has not weighed in on this issue, California district courts have reached the same conclusion for many years. *Jacob v. Mentor Worldwide, LLC*, 393 F. Supp. 3d 912, 920 (C.D. Cal. 2019), *reconsideration denied*, 2019 WL 5616958 (C.D. Cal. Oct. 29, 2019), and *aff'd sub nom. Nunn v. Mentor Worldwide, LLC*, 847 F. App'x 373 (9th Cir. 2021)(Section 1441 "precludes removal only when the in-state defendant has been both properly joined and properly served in the action prior to removal")[1]; *Loewen v. McDonnell*, 2019 WL 2364413, at *7–8 (N.D. Cal. June 5, 2019)(adopting plain language of Section 1441, consistent with other Northern District of California case law, and denying motion to remand); *Zirkin v. Shandy Media, Inc.*, 2019 WL 626138, at *2-4 (C.D. Cal. Feb. 14, 2019)(motion to remand denied where forum defendant removed action prior to service of process); *Asare-Antwi v. Wells Fargo, N.A.*, 2019 WL 3073942, at *5 (C.D. Cal. July 15, 2019)("Since [forum defendant] was not properly served with the FAC prior to removal, its citizenship is also irrelevant for purposes of the forum-defendant rule."); *Cucci v. Edwards*, 510 F. Supp. 2d 479, 482 (C.D. Cal. 2007) (confirming that "a resident

---

[1] The Ninth Circuit had the opportunity to address this issue in *Nunn v. Mentor Worldwide, LLC*, and affirmatively chose not to weigh in. 847 F. App'x 373, 375 (9th Cir. 2021)("Because the district court properly determined that NuSil was fraudulently joined, we do not reach Plaintiffs' argument that Mentor's removal was prohibited by 28 U.S.C. § 1441(b)(2) since Mentor removed before Plaintiffs served NuSil.").

**NIKE RETAIL SERVICES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

defendant who has not been served may be ignored in determining removability," and holding that action was properly removed before service on forum defendant had been effected) (internal quotations omitted); *Sherman v. Haynes & Boone*, 2014 WL 4211118, at *1 & n.8 (N.D. Cal. Aug. 22, 2014) ("a defendant may remove an action prior to receiving proper service, even when the defendant resides in the state in which the plaintiff filed the state claim."); *Regal Stone Ltd. v. Longs Drug Stores Cal.*, LLC, 881 F. Supp. 2d 1123, 1127 (N.D. Cal. 2012) (holding "that the clear and unambiguous language of the statute only prohibits removal after a properly joined forum defendant has been served")(emphasis added). As recently recognized:

> By its plain language, 28 U.S.C. § 1441(b)(2) permits an in-state defendant who has not been both joined *and served* to remove a case to federal court on the basis of diversity jurisdiction. Here, it is undisputed that Defendants removed Plaintiff's Complaint before any Defendants were served. Thus, Defendants' notice of removal was not procedurally improper, and remand is not warranted.

*Monfort v. Adomani, Inc.*, 2019 WL 131842, at *4 (N.D. Cal. Jan. 8, 2019)(emphasis in original); *Glob. Indus. Inv. Ltd. v. Chung*, 2020 WL 2027374, at *2 (N.D. Cal. Apr. 28, 2020)(approving holding in *Monfort*).

Therefore, so long as a forum-state defendant has not yet been served, an out of state defendant—even if served—may properly remove a case to federal court based upon diversity jurisdiction. *See Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d at 486 (denying motion to remand where out of state defendant was served with process and immediately removed the case to federal court before in-state defendants were served with process).

Here, there is no dispute that NIKE, a citizen of Oregon, removed this case to federal court before Magee, a forum defendant, was served with process. (*See* Anfanger Decl. ¶ 16, Exhibit 3[2])(Magee was served, at the earliest, on June 3, 2021

---

[2] Exhibits to the Anfanger Decl. are attached to the Motion to Remand (Dkt. 14).

NIKE RETAIL SERVICES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

via substitute service, after NIKE filed its removal on May 24, 2021). Therefore, at the time of removal, there was complete diversity of citizenship between Plaintiffs, California citizens, and NIKE, a citizen of Oregon.

## A. The Plain Meaning Of Section 1441(b) Is Clear And Unambiguous And Does Not Lead To An Absurd Result

Plaintiffs argue that upholding removal here, based on the plain meaning of Section 1441(b), would lead to an "absurd" result. *See* Plaintiffs' Motion at 10.

Any plain meaning interpretation of an unambiguous statute that leads to an absurd result must be avoided. *Arizona St. Bd. for Charter Schs. v. U.S. Dep't of Educ.*, 464 F.3d 1003, 1008 (9th Circ. 2006). However, "[w]hen a natural reading of the statute[ ] leads to a rational, common-sense result, an alteration of meaning is not only unnecessary, but also extrajudicial." *Id.* As the court in *Encompass Ins. Co. v. Stone Mansion Rest. Inc.* observed,

> The language of the forum defendant rule in section 1441(b)(2) is unambiguous. Its plain meaning precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served . . . this result may be peculiar in that it allows [defendant] to use pre-service machinations to remove a case that it otherwise could not; however, the outcome is not so outlandish as to constitute an absurd or bizarre result."

902 F.3d at152. The Second and Fifth Circuits have reached the same result. *See Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019); *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 486 (5th Cir. 2020)(quoting *Gibbons*). While not binding on this Court, these holdings are certainly persuasive.

Although the Ninth Circuit has not yet addressed this precise point, its interpretation of 28 U.S.C. § 1446(b)(2)(A)—an analogous removal provision—confirms the propriety of the plain meaning textual interpretation of § 1441(b)(2). *See Baiul v. NBC Sports*, 732 F. App'x 529, 531 (9th Cir. 2018). Indeed, the same "properly joined and served" language from § 1441(b)(2) appears in § 1446(b)(2)(A),

6

which provides: "[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action." The Supreme Court has recognized that "the 'normal rule of statutory construction' [is] that 'identical words used in different parts of the same act are intended to have the same meaning.'" *Gustafson v. Alloyd Co.*, 513 U.S. 561, 570 (1995) (quoting *Ore. Dep't of Revenue v. ACF Indus.*, 510 U.S. 332, 342 (1994)). This Court has interpreted § 1446(b)(2)(A)'s identical language according to its plain meaning to hold that only those defendants who have been properly joined and served must provide their consent. *See Baiul v. NBC Sports*, 732 F. App'x at 531. In analyzing § 1446(b)(2)(A), the *Baiul* court determined that because one defendant had not been served at the time of removal, that defendant's consent was not necessary for removal purposes because "all defendants who had been 'properly joined *and* served'" had consented to removal, "which is all that § 1446(b)(2)(A) requires." *Id.* at 531.

As such, because the plain meaning of Section 1441(b) does not lead to an absurd result, an alteration of the meaning would be unnecessary and extrajudicial.

**B.    Applying The Plain Interpretation Of Section 1441(b) To The Circumstances Of This Case Does Not Lead To An Absurd Result**

Plaintiffs also argue that adopting the plain language of Section 1441(b) in this case, in particular, would lead to an absurd result. *See* Plaintiffs' Motion at 10.

First, Plaintiffs' argue that they postponed service on NIKE because they hoped there would be a mediation and potential resolution of the case. This argument is irrelevant. Simply because Plaintiffs chose not to serve the State Court Action on NIKE (their choice alone) on the hope that NIKE would agree to mediate cannot defeat NIKE's right to remove the case.  More importantly, however, even if Plaintiffs had immediately served NIKE with the State Court Action, NIKE is not a forum defendant and service on NIKE would not have defeated its ability to remove the case on diversity jurisdiction grounds since Magee had not yet been served. *See Texas*

7

**NIKE RETAIL SERVICES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

*Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d at 486 (denying motion to remand where out of state defendant was served with process and immediately removed the case to federal court before in-state defendants were served with process).

Plaintiffs' next argument that Magee was evading service of the Complaint is similarly irrelevant and illogical. First, Plaintiffs had every opportunity to serve Magee prior to NIKE's removal at any time between April 8, 2021 and May 24, 2021, and certainly, NIKE did not prevent Plaintiffs from attempting to serve Magee during this time. Plaintiffs' failure to *attempt* service on Magee until after removal was effectuated does not lead to an "absurd" result. *See Dechow v. Gilead Scis., Inc.*, 358 F. Supp. 3d at 1055 (citing *Vallejo v. Amgen, Inc.*, 2013 WL 12147584 (C.D. Cal. Aug. 30, 2013)(defendant's removal in that case prior to a summons being issued led to an "absurd" result given plaintiff had absolutely no opportunity to serve the complaint prior to removal).

Further, Plaintiffs' suggestion that NIKE colluded with Magee to somehow thwart post-removal service attempts has no factual basis whatsoever, and is not true. NIKE was unaware of any efforts by Plaintiffs to serve Magee, and initially learned that Magee had been served during a conversation with Plaintiffs' counsel on June 9, 2021. (Sweeney Decl. ¶ 7). Lastly, that NIKE may indemnify Magee for her defense and potential damages related to this case pursuant to California Labor Code Section 2802 has no bearing on this matter, especially when Magee first tendered her request on June 13, 2021, after Magee was already served with the Complaint. (*Id.* at ¶ 4).

For the foregoing reasons, the plain textual interpretation of Section 1441(b) does not lead to an absurd or bizarre result, and the circumstances of this case do not warrant an alteration of the plain meaning of the statute.  The case was properly removed, and this Court has jurisdiction over this matter.

///

///

**NIKE RETAIL SERVICES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

## IV.   **<u>PLAINTIFF SHAW'S FEHA CLAIMS ALONE SATISFY THE AMOUNT IN CONTROVERSY FOR DIVERSITY JURISDICTION</u>**

Plaintiffs' assertion that the amount in controversy pursuant to diversity jurisdiction has not been satisfied because it is based on "speculative assertions" is incorrect.  *See* Plaintiff's Motion at 11. Only once a defendant's good faith allegation of the amount in controversy has been challenged need the Court consider evidence to support the allegation.  *See Dart Cherokee Basic Operating Co., LLC v. Owens*, 135 S.Ct. 547, 553 (2014). NIKE's good faith allegation of the amount in controversy is set forth in paragraphs 13 to 23 of the Notice of Removal.  Now that Plaintiffs are challenging that amount, NIKE is submitting herewith the Declaration of Shelby Bird which provides evidence, properly submitted post removal, that is more than sufficient to support the requisite "plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart*, 135 S.Ct. at 554.

### A.   **Back Pay**

Shaw alleges racial and sexual orientation discrimination claims under the FEHA.  (*See generally* Complaint.)  If these claims are successful, Shaw would be entitled to an award of back pay. *Harrod v. Bass Pro Outdoor World, L.L.C.*, 2018 WL 705541 at *2 (C.D. Cal. Feb. 5, 2018) ("On Plaintiff's FEHA claims, she can seek an award of back pay from the time of the unlawful adverse action until the date of judgment. . ."). Back pay includes "not only the periodic monetary earnings of the employee but also the other benefits" to which the employee is entitled to as part of his or her compensation. *Wise v. Southern Pac. Co.*, 1 Cal. 3d 600, 607 (1970); *see also Andrade v. Arby's Restaurant Group, Inc.*, 225 F. Supp. 1115, 1140 (N.D. Cal. 2016)(explaining that back pay "is lost-wages damages through the time of trial"). Plaintiff Shaw's FEHA related claims alone are sufficient to surpass the amount in controversy requirement. Shaw alleges she was constructively discharged from NIKE in July of 2019. (Complaint, ¶ 5).

**NIKE RETAIL SERVICES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

Assuming, conservatively, this matter is resolved through trial within 12 months of removal, Shaw will have been out of work for approximately 2 years and 10 months. Plaintiff Shaw's last full year of employment with NIKE was in 2017, prior to her taking leave in 2018 and her voluntary resignation from NIKE in July of 2019. (Declaration of Shelby Bird ("Bird Decl.") ¶ 3).  In 2017, Shaw's total wages, tips, and other compensation earned, according to her W-2 Wage and Tax Statement, was $55,917.18[3]. (Bird Decl. ¶ 5, Exh. A). Therefore, Shaw could potentially recover $158,432.01 in back pay alone, which surpasses the amount in controversy required for diversity jurisdiction[4]. (*Id.* at ¶ 5). This is irrespective of any lost benefits, and does not take into account Shaw's increase in pay in 2018. (*Id.* at ¶ 4).

### B.    Front Pay

While any award of front pay is highly speculative, courts that have awarded such damages in FEHA cases have held that a plaintiff could receive at least two years of front pay.  *Horsford v. Board of Trustees of Calif. State Univ.*, 132 Cal. App. 4th 359, 388-89 (2005).  In 2017, Shaw's total wages, tips, and other compensation earned, according to her W-2 Wage and Tax Statement, was $55,917.18. (Bird Decl. ¶ 5, Exh. A). Therefore, Shaw could potentially recover at least another $111,834.36 in front pay alone, which is more than $75,000 necessary for diversity jurisdiction.[5]

### C.    Emotional Distress Damages

Shaw also seeks emotional distress damages for wrongful termination.  (*See* Complaint p. 35-38, "Prayer for Relief").  A prevailing plaintiff in a wrongful termination action is entitled to seek damages for emotional distress.  *See Gantt v. Sentry Insurance*, 1 Cal. 4th 1083, 1098-1101 (1992) (overruled on other grounds by

---

[3] This figure is revised to represent the "wages, tips, and other compensation" from Shaw's W-2 Wage and Tax Statement, and not Shaw's "Social security wages" as calculated in NIKE's Notice of Removal. Nonetheless, the difference is slight and does not affect the jurisdictional amount in controversy.
[4] ($55,917.18/12 months) x 34 weeks = $158,432.01
[5] ($55,917.18/12 months) x 24 weeks = $111,834.36

**NIKE RETAIL SERVICES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

*Green v. Ralee Eng'g Co.*, 19 Cal. 4th 66, 90 (1998)).  The emotional distress component of Plaintiffs' alleged damages must be considered in determining whether the amount in controversy requirement has been established.  *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

A defendant may use damage awards in other cases to establish that the amount in controversy exceeds $75,000.  *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002).  Juries in California have awarded well in excess of $75,000 for emotional distress damages in discrimination and wrongful termination cases, like this one.  *See, e.g., Bradley v. Department of Corrections & Rehabilitation*, 158 Cal. App. 4th 1612, 1618 (2008) (awarding a single plaintiff $300,000 in non-economic damages for harassment claim); *Roby v. McKesson*, 47 Cal. 4th 686, 699 (2009) (awarding a single plaintiff $1,600,000 in non-economic damages for three separate counts of wrongful termination (later reduced by stipulation to $800,000), as well as an additional $600,000 in non-economic damages for harassment); *Wang v. Reese Scientific Corp.*, San Francisco Superior Court Case No. CGC-13-528233 (awarding plaintiff $166,302 for emotional distress damages on claims including discrimination and wrongful termination); *Stallworth v. City of L.A., Los Angeles*, Superior Court Case No. BC341480 (awarding $100,000 in emotional distress damages on race discrimination and retaliation claims).

Because "the cases still demonstrate that substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish," it is reasonable to assume that Plaintiff could receive a similar award in emotional distress damages if she were to prevail at trial, thus placing the amount in controversy well above the jurisdictional amount.  *Velez v. Roche*, 335 F. Supp. 2d 1022, 1040 (N.D. Cal. 2004).  *See also Kroske*, 432 F.3d at 980 (stating that emotional distress damages in an employment discrimination case would "add at least an additional $25,000" to the

**NIKE RETAIL SERVICES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

plaintiff's claim, and holding that the amount in controversy exceeded $75,000 when considering lost earnings of roughly $56,000, even without including potential awards of attorneys' fees or punitive damages).

Thus, if Shaw is able to prove her claims at trial, it is reasonable to conclude that she will seek, and a jury may award, in excess of $75,000 for emotional distress damages alone.

### D.   Attorney's Fees

Under the FEHA, Plaintiff Shaw has also demanded attorneys' fees.  (*See* Complaint, Prayer for Relief.)  Attorneys' fees may be awarded to a prevailing plaintiff in a FEHA action.  *See* Cal. Gov't Code § 12965(b); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (where attorneys' fees are allowed by statute, they are considered as part of the amount in controversy calculation).  A defendant may use damage awards in other cases to establish that the amount in controversy exceeds $75,000.  *See Simmons v. PCR Tech.*, 209 F. Supp. 2d at 1033. Recent authority has clarified that this must include all attorneys' fees likely to be incurred through trial of an action.  *See Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018) ("Because the law entitles [plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy.")  One court in the Central District of California has opined that a reasonable rate for an attorney would be at least $300 per hour and a reasonable number of hours would be at least 100–300 hours.  *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *1 (C.D. Cal. Mar. 3, 2015).  Those assumptions would lead to an attorney's fee award of between $30,000 and $90,000.  *Id.*

Therefore, if Plaintiff Shaw alone litigated this case through trial and prevailed, it is reasonable to assume that the recovery of fees itself would exceed $75,000.

/ / /

**NIKE RETAIL SERVICES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

### E.   Supplemental Jurisdiction Over Plaintiff Hernandez

NIKE has presented evidence that Plaintiff Shaw's claims alone, specifically her FEHA related claims, more than exceed the amount in controversy requirement for diversity jurisdiction. Plaintiff's Shaw's back pay and front pay damages, in aggregate, amount to $270,266.37. (Bird Decl. ¶ 7). Further, there is supplemental jurisdiction over the claims of Plaintiff Hernandez for purposes of removal. *See Exxon Mobil Corp. v. Allapattah Svcs, Inc.*, 545 U.S. 546, 549 (2005)("where the other elements of jurisdiction are present, and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, [28 U.S.C.] § 1367 does authorize supplemental jurisdiction over the claims of the other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction.")

## V.   THE NOTICE OF REMOVAL WAS PROCEDURALLY PROPER

### A.   NIKE's Removal Was Timely

Section 1446(b) states in relevant part, "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading. . ." The 30 day deadline to file a notice of removal is only triggered by formal service of the initial pleadings. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 346 (1999)(regardless of any other issue, the 30 day removal period cannot be triggered for a complaint removable on its face until the defendant has been served with legal process, therefore, "if the complaint is filed in court prior to any service, the removal period runs from the service of the summons.")

Plaintiffs argue that because NIKE was aware that the State Court Action had been filed more than 30 days prior to NIKE's removal on May 24, 2021, that removal was untimely. *See* Plaintiffs Motion at 11-12. First Plaintiffs have no knowledge of when NIKE became aware of the State Court Action.  Second, NIKE's awareness

**NIKE RETAIL SERVICES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

does not trigger any obligation on its part with respect to removal. *Murphy Bros. V. Michetti Pipe Stringing, Inc.*, *supra*.  Third, by Plaintiffs' own admission, NIKE was not formally served with process until May 27, 2021, after NIKE had already removed the case. (Anfanger Decl. ¶ 8). Nonetheless, NIKE waived formal service of process by filing an Answer in the State Court Action on May 24, 2021. (Dkt. 1-6). Therefore, NIKE's removal filed on the same day is well within the 30 day removal period, and Section 1441(a) does not impose a requirement of service on a removing defendant. *See* 28 U.S.C. § 1441(a)( confirming that a civil action "may be removed by the defendant or defendants[] to the district court of the United States for the district or division embracing the place where such action is pending"); *see also see also Haseko Homes, Inc. v. Underwriters Inc. Co.*, 2010 WL 358531, at *2 (S.D. Cal. Jan. 22, 2010) (denying remand after rejecting argument that removal was improper because removing defendant had not been served). As such, NIKE's removal was timely.

      **B.**    **NIKE's Removal Included All Documents Filed In The State Court Action Prior To Removal**

Plaintiffs argue that NIKE's removal was defective because it failed to include all "all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Plaintiffs fail to recognize that NIKE was not served with *any* process, pleading, or order when removal was effectuated. In fact, NIKE's Notice of Removal specifically states that NIKE has not been served with such documents, and the attached exhibits are all documents *filed* in the State Court Action. (Dkt. 1 at ¶ 2)("These material comprise 'all process, pleadings, and orders' filed in the State Court Action, which have not yet been served on NIKE or, to the best of NIKE's knowledge, Magee, but which constitute the entirety of the record in the State Court Action.  *See* 28 U.S.C. § 1446(a).") At the time of removal, NIKE downloaded all documents filed in the State Court Action and included these documents as exhibits to its Notice of Removal. (Sweeney Decl. ¶ 5). Therefore,

14

NIKE's failure to include The First Amended General Order and its Voluntary Efficient Litigation Stipulations Packet as an exhibit to the Notice of Removal does not make NIKE's removal defective, as NIKE was not served with these documents until after removal. (*Id.*).

## VI.   <u>CONCLUSION</u>

In light of the foregoing, NIKE's removal to this Court is proper pursuant to diversity jurisdiction and the plain language of Section 1441(b), NIKE has provided sufficient evidence that the amount in controversy of $75,000 has been met, and NIKE's removal was procedurally proper and timely. NIKE respectfully requests that this Court deny Plaintiffs' Motion to Remand.


K&L GATES LLP


Dated:  June 25, 2021           By:  */s/ Vanuhi Karapetian*
                                     Paul W. Sweeney, Jr.
                                     Vanuhi Karapetian

                                     Attorneys for Defendant
                                     NIKE RETAIL SERVICES, INC.

**NIKE RETAIL SERVICES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

**<u>CERTIFICATE OF SERVICE</u>**

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is: K&L GATES LLP, 10100 Santa Monica Boulevard Eighth Floor, Los Angeles, CA  90067.

On June 25, 2021, I served the document(s) described as:

- **DEFENDANT NIKE RETAIL SERVICES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

- **DECLARATION OF PAUL W. SWEENEY, JR. IN SUPPORT OF DEFENDANT NIKE RETAIL SERVICES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

- **DECLARATION OF SHELBY BIRD IN SUPPORT OF DEFENDANT NIKE RETAIL SERVICES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

- **[PROPOSED] ORDER DENYING PLAINTIFFS' MOTION TO REMAND**

The undersigned certifies that the document listed above was filed this June 25, 2021.  Notice of this filing will be sent to all parties in this case by operation of the Court's electronic filing system (ECF).  Parties may access this filing via the Court's ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 25, 2021, at Los Angeles, California.


*/s/ Vanuhi Karapetian*
Vanuhi Karapetian

**CERTIFICATE OF SERVICE**