JS-6                     UNITED STATES DISTRICT COURT
                        CENTRAL DISTRICT OF CALIFORNIA

                              CIVIL MINUTES - GENERAL

| Case No.: | 2:21-cv-04322-SB-MRW | Date: | 7/9/2021 |
|---|---|---|---|

| Title: | *Brittney Shaw et al v. Nike Retail Services, Inc. et al* |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**     [In Chambers] ORDER GRANTING MOTION FOR REMAND (DKT. NO. 14)

      Before the Court is Plaintiff's Edgar Hernandez and Brittney Shaw's motion to remand. Dkt. No. 14 (Mot.); *see* Dkt. Nos. 20 (Opp.), 23 (Reply).

      A defendant may remove a civil action from state to federal court so long as jurisdiction originally would lie in federal court. 28 U.S.C. § 1441(a). If removal is based on diversity jurisdiction, *id*. § 1441(b), the removing defendant must prove complete diversity of citizenship among the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The removing party bears the burden of proof. *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Moreover, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

On May 24, 2021, Defendant Nike Retail Services, Inc. removed this employment case from Los Angeles Superior Court to federal court on the basis of diversity jurisdiction. Dkt. No. 1 (Notice). The notice makes plain that there is no complete diversity, stating that "Plaintiffs are Citizens of California" and Defendant Wendy Magee is a "Citizen of California." Notice ¶¶ 4, 8. But Defendant Nike claims that this Court has diversity jurisdiction nonetheless because nondiverse Defendant Magee had "not been served with the Summons, Complaint or any other court documents" at the time of removal. Notice ¶¶ 8-11. Invoking the "forum defendant" rule codified at 28 U.S.C. § 1441(b)(2),[1] the notice states that "so long as a forum-state defendant has not yet been served, an out of state defendant—even if served—may properly remove a case to federal court based upon diversity jurisdiction." Notice ¶ 10.

Plaintiffs now move to remand this case, contending that (1) Defendant Nike "has not and cannot meet its burden alleging diversity as to the amount in controversy and complete diversity of citizenship," (2) pre-service "snap" removal is improper, and (3) the removal was untimely. Mot. 2. The Court agrees that remand is required because complete diversity—which "requires that each of the plaintiffs be a citizen of a different state than each of the defendants"—is lacking. *Moises v. Par Pac. Holdings, Inc.*, No. CV 20-00533 JAO-RT, 2021 WL 600951, at *1 (D. Haw. Feb. 16, 2021). Plaintiffs and Defendant Magee are citizens of California. That is the end of the matter.

Defendant Nike's reliance on the forum-defendant rule to avoid this conclusion is misguided. Nike relies on a line of cases finding that the forum-defendant rule does not apply when removal occurs before the in-state defendant is served. Opp. 3-5 (collecting cases). According to Nike, Magee's citizenship cannot be considered for purposes of determining complete diversity because she was not yet served at the time of removal. *See* Opp. 5-6 ("Here, there is no dispute that NIKE, a citizen of Oregon, removed this case to federal court before Magee, a forum defendant, was served with process. . . . Therefore, at the time of removal, there was complete diversity of citizenship between Plaintiffs, California citizens,

---

[1] 28 U.S.C. § 1441(b)(2) provides: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." "This rule embodies the notion that a defendant cannot complain of being haled before the courts of his or her own state." *Regal Stone Ltd. v. Longs Drug Stores Cal., L.L.C.*, 881 F. Supp. 2d 1123, 1126 (N.D. Cal. 2012).

and NIKE, a citizen of Oregon.").[2] But here, "the lack of complete diversity deprives the Court of subject matter jurisdiction, not the forum defendant rule." *Moises*, 2021 WL 600951, at *1 n.2. And "when evaluating whether diversity exists, a court cannot ignore a defendant's citizenship simply because the defendant has not yet been served." *Lovett v. Bright Horizons Children's Ctr., LLC*, No. SA-20-CV-688-XR, 2020 WL 3410898, at *2 (W.D. Tex. June 19, 2020); *see* Wright & Miller, 14C Fed. Prac. & Proc. Juris. § 3723 (Rev. 4th ed.) ("A party whose presence in the action would destroy diversity must be dropped formally, as a matter of record, to permit removal . . . . It is insufficient, for example, that service of process simply has not been made on a non-diverse party"). Thus, the Court must consider Defendant Magee's citizenship, which destroys diversity jurisdiction.

Thus, the Court **GRANTS** the motion and hereby **REMANDS** this matter pursuant to 28 U.S.C. § 1447(c).

---

[2] Defendant Nike's argument relies on one side of a split of authority about whether the forum-defendant rule applies to defendants not yet served. *See, e.g., U.S. Bank Tr. Nat'l Ass'n v. Fid. Nat'l Title Grp., Inc.*, No. 2:20-CV-2068 JCM (VCF)), 2021 WL 223384, at *3 (D. Nev. Jan. 22, 2021) (parting company with "snap removal" decisions that ignore an unserved forum defendant because they "contravene[] the removal statute's purpose of preserving a plaintiff's choice of a state court forum when suing a proper forum defendant"). But the Court need not take sides in that debate because the complete diversity requirement, not the forum-defendant rule, is at issue here. Similarly, the Court need not address whether Defendants carried their burden as to the amount in controversy requirement or timely removed this matter.